SUMMONS ISSUED   FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 20 2011 ★
BROOKLYN OFFICE




UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MCEADDY JONES & S.D., an infant by his parent and
legal guardian, FRANKIE DAVIS,

            Plaintiffs, **COMPLAINT**

    -against-        11 - 5124

THE CITY OF NEW YORK, POLICE OFFICER   Jury Trial Demanded
MICHAEL WALSH, tax # 945089, POLICE OFFICERS
JOHN DOES 1-5,

            Defendants.
------------------------------------------------------------ x

GARAUFIS, J.

POHORELSKY, M.J.

## PRELIMINARY STATEMENT

1. Plaintiffs bring this civil rights action against the City of New York and several New York City Police Officers of the 60th Precinct or PSA 1 alleging that, during the evening of May 13, 2011, defendants violated their rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting them, using unreasonable force on them and illegally strip searching them. Plaintiffs were released from custody during the evening of either May 14 or May 15, 2011, when the District Attorney's Office declined prosecution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.



and vicarious liability which form part of the same case and controversy as their federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiffs' claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiffs' state law claims against the City, notices of claim were duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiffs' state law claims.

## PARTIES

7. Plaintiffs are residents of Brooklyn.

8. The City of New York is a municipal corporation organized under the laws of the State of New York

9. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

2

Case 1:11-cv-05124-NGG-VVP   Document 1   Filed 10/20/11   Page 4 of 16 PageID #: 4

## STATEMENT OF FACTS

10. During the evening of May 13, 2011, at approximately 8:45 p.m., defendants, plainclothes New York City Police Officers of the 60th Precinct or PSA 1, including Officer Michael Walsh arrested plaintiffs and others at a basketball court at the O'Dwyer Gardens Houses located in the vicinity if 2959 West 33rd, Brooklyn, New York.

11. Plaintiffs were falsely arrested for possession of a weapon.

12. Defendants also falsely arrested plaintiff Jones for bribery.

13. At all relevant times, plaintiffs were in compliance with the law and did not commit any crimes or violations.

14. The defendants intentionally handcuffed plaintiffs excessively tight, causing pain and bruising, and defendants refused plaintiffs' requests to loosen the cuffs.

15. Defendants took plaintiffs to the 60th Precinct and/or PSA 1.

16. In the precinct, some of the defendants, with the acquiescence of the other defendants, illegally strip searched plaintiff Jones and illegally strip searched S.D. down to his underwear. When plaintiff Jones hesitated to strip his underwear, defendants threatened to forcibly remove his underwear.

17. Defendants also interrogated and threatened plaintiffs. Defendants interrogated plaintiff S.D. about his knowledge of drugs and guns. Plaintiff told defendants he had no information about any drugs or guns. In response, defendants threatened plaintiff with jail if he did not cooperate. As to plaintiff Jones, defendants threatened him with incarceration and told him that "the only way to get out of here is if you have money."

18. The next morning, plaintiffs were taken to Brooklyn Central Booking. While plaintiffs were held in Central Booking, their arresting officers, with the knowledge and

3

approval of the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiffs had committed a crime.

19. Plaintiffs were released from custody on either May 14 or 15, 2011, at approximately 8:30 p.m., when the District Attorney's Office declined prosecution.

20. Plaintiffs suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, emotional distress, fear, anxiety, humiliation and damage to their reputations.

## FIRST CLAIM

## (FALSE ARREST)

21. Plaintiffs repeat the foregoing allegations.

22. At all relevant times, plaintiffs did not commit a crime or violation.

23. Despite plaintiffs' innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

24. Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

## SECOND CLAIM

## (UNREASONABLE FORCE)

25. Plaintiffs repeat the foregoing allegations.

26. Defendants' use of force upon plaintiffs or their failure to intervene to prevent the use of force on them was objectively unreasonable and caused plaintiffs pain and injury.

27. Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for unreasonable force.

4

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH)

28. Plaintiffs repeat the foregoing allegations.

29. The strip searches of plaintiffs after their arrests were illegal because plaintiffs had not committed a crime and because no officer had reasonable suspicion to believe that plaintiffs were hiding illegal items under their clothes.

30. Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for illegally strip searching them.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

31. Plaintiffs repeat the foregoing allegations.

32. Defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

33. Accordingly, defendants are liable to plaintiffs under the Constitution for not intervening to prevent the violation of plaintiffs' federal rights.

## FIFTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

34. Plaintiffs repeat the foregoing allegations.

35. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

36. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiffs.

37. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have

Case 1:11-cv-05124-NGG-VVP   Document 1   Filed 10/20/11   Page 10 of 16 PageID #: 10

46. Defendants' strip searches and tight handcuffing of plaintiffs placed them in fear of imminent harmful and offensive physical contacts which injured them.

47. Accordingly, the defendants are liable to plaintiffs under New York state law for assault.

## EIGHTH LAIM

### (BATTERY)

48. Plaintiffs repeat the foregoing allegations.

49. Defendants' strip searches and tight handcuffing of plaintiffs were offensive and nonconsensual physical contacts which injured them.

50. Accordingly, the defendants are liable to plaintiffs under New York state law for battery.

## NINTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

51. Plaintiffs repeat the foregoing allegations.

52. The individual defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted and battered plaintiffs.

53. Accordingly, the City of New York is vicariously liable to plaintiffs under New York state law for the aforesaid torts.

WHEREFORE, plaintiffs demand the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

7

   c.  Attorney's fees and costs;

   d.  Such other and further relief as the Court may deem just and proper.

DATED:  October 20, 2011

*(signature)*
IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(646) 239-4330
(718) 624-9391


RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MCEADDY JONES & S.D., an infant by his parent and
legal guardian, FRANKIE DAVIS,

               Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL WALSH, tax # 945089, POLICE OFFICERS
JOHN DOES 1-5,

               Defendants.

------------------------------------------------------------------------ x

## COMPLAINT

      IZABEL OLSZOWA GARCIA
      Attorney at Law
      26 Court Street, Suite # 1815
      Brooklyn, New York 11242
      (646) 239-4330
      (718) 624-9391


      RICHARD CARDINALE
      Attorney at Law
      26 Court Street, Suite # 1815
      Brooklyn, New York 11242
      (718) 624-9391